# BARTLETT a. JESSUP.

*Supreme Court, First District; Special Term, July,* 1862.

## SHERIFF'S FEES ON ATTACHMENT.

In consideration of the great responsibility to which the sheriff of the city and county of New York is subjected in the discharge of his duty under an attachment issued to him in a civil action under the Code of Procedure, it is reasonable to allow him as a compensation, on the settlement or withdrawal of such actions, an amount at the rate of poundage on execution.*

---

* See also the *Laws of* 1865, ch. 615, § 4, and the two following cases in the text.

In the case of ALLAIRE WORKS a. STEAMER HU QUANG, ETC.—(*New York Superior Court; Special Term, May,* 1862), it was held that when the sheriff levies an attachment upon a vessel under the act of 1860, which gave proceedings by attachment for collection of demands against ships and vessels (since repealed by the act of 1862), and the parties in whose favor the attachment issues secure their debt or lien by compromise, or receiving a bond as security for the debt or lien, that the sheriff is entitled to his poundage,

An attachment was issued by the plaintiff under the Revised Statutes and the Session Laws of 1860, entitled "Of Proceedings for Collections of Demands against Ships and Vessels," to collect the sum of $16,622.93 against the steamer Hu Quang, and delivered to the sheriff of the city and county of New York on the 26th day of May, for service. The sheriff, by his deputy, on the same day, under this attachment, seized the steamer, and placed her in charge of keepers, &c. The steamer was about to proceed to sea on a voyage; she was valued at $200,000. On the 27th day of May, the vessel was bonded under the statute, and was discharged by an order of this court on payment of the sheriff's fees.

The sheriff made out his bill as follows, viz. :

| | |
|---|---|
| Compensation (or poundage) | $211.91 |
| Service and return fee | 2.69 |
| Appraisement, &c. | 25.00 |
| Keepers' fees | 15.00 |
| | $244.60 |

*William A. Armstrong,* for the plaintiff, objected to the first item of the bill.

*R. H. Shannon,* for the sheriff.

MONCRIEF, J.—No objection being made as to any item of the above bill, ex-

The fee for copy of attachment is fixed by statute at nineteen cents, and that for service at fifteen cents, and the court has no discretion to allow a greater fee.

Where the sheriff attaches a vessel, the charge for watching it ought not to be more than that allowed the United States Marshal for the same service.

Appeal from taxation of costs.

This case and another, viz., Duncan *a.* Bradstreet, came before the court at the same time for the taxation of the sheriff's charges under attachments.

In the first action an attachment was issued in the sum of $2,000, and it appeared that the sheriff attached goods of a sufficient value to satisfy the attachment, not, however taking actual possession of the goods, but receiving certificates from certain debtors of the defendant of their holding his property to an amount exceeding the attachment.

Upon the settlement of the action the sheriff charged as follows :

| | |
|---|---|
| Service six copies attachment and notices, at $2 each . | $12.00 |
| Attaching fee | 69 |
| Compensation for services of sheriff | 28.13 |

In the second of these actions, Duncan *a.* Bradstreet, an attachment was issued in the sum of $3,538.25. The sheriff attached property sufficient to satisfy the attachment, and took possession. Upon the settlement of this action between the parties, the sheriff's charges were as follows:

| | |
|---|---|
| Service two copies attachment and notices, $2 each . | $4.00 |
| Attaching fee. | 69 |
| Compensation to sheriff | 47.35 |
| Seven days watching ship " Linsay" | 21.00 |
| Seven days watching brig " Ceres" | 21.00 |

*J. W. Culver*, for the plaintiff Bartlett.

*Dexter A. Hawkins*, for the plaintiff Duncan.

cept the charge for poundage, and it appearing to my satisfaction that the plaintiff has taken ample security for the payment of his claim for which the attachment was issued, in my opinion the sheriff is entitled to his poundage upon such amount. I therefore adjudge and find the above charges correct.

*Brown, Hall & Vanderpoel*, for the sheriff.

CLERKE, J.—In almost every case submitted to the justices of this district relative to the taxation of the sheriff's fees in attachment cases, they have made the same allowance which Judge Leonard ordered in Earle *a.* Tode.

I myself have done so; and I see no reason why I should now change the rule.

In consideration of the great responsibility to which the sheriff of this county is subjected in the discharge of his duty, I do not think it unreasonable to allow him as a compensation on the settlement or withdrawal of such cases, an amount at the rate of poundage on execution.

With regard to the charge for copy of attachment and service, there is, I think, no discretion left to the justice, the fee being expressly prescribed by the statute; for copy of attachment nineteen cents, and for service fifty cents.

With regard to the charge for watching in the second of the above cases, I think the charge ought not to be more than that given to the United States Marshal for the same services—$2.50 per day.

Let the bills then be taxed according to the directions of this opinion.

---

## MULLER *a.* SANTLER.

*Supreme Court, First District; At Chambers, September,* 1864.

### SHERIFF'S FEES ON ATTACHMENT.

Where a sheriff serves an attachment under the Code of Procedure, and the action is settled or withdrawn, it is reasonable to allow the sheriff compensation at the rate of poundage on the levy of an execution.

He is not entitled to commissions like those of trustees under the provisions of the Revised Statutes for merely serving an attachment, though he would be entitled thereto where he has to perform services similar or equivalent to those rendered by such trustees.